**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**KELLY W. WILSON,**

   **Plaintiff,**

**vs.**                                            **CASE NO. 4:04CV450-SPM/AK**

**SHARON L. WILSON,**

   **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, paid the filing fee and allegedly served the named

Defendants, all of whom have moved to dismiss the complaint.  (Docs. 9 and 17).

Defendant Sharon Wilson has moved to join the motion of Defendant Commonwealth of

Kentucky,  (doc. 13), which the Court herein grants.  Plaintiff has responded to the

motions.  (Docs. 14 and 18).

**I.       Allegations of the Complaint (doc. 1)**

Plaintiff complains that he was not served with a complaint apparently regarding

child custody and support by a court in Kentucky, and that the judgment rendered by

Defendant Judge Sam Monarch exceeded federal and state law limits.  Plaintiff alleges

that the garnishment of his wages that resulted from these judgments violated due process and was above statutory maximums.  Plaintiff claims that Defendant Darren Sipes, a Kentucky state attorney, was made aware of this, but persisted in the garnishment.  Plaintiff also claims that his ex-wife failed to report her income and thus conspired with Sipes and Monarch against him.  Plaintiff claims that the Defendants Sipes and Monarch and the state of Kentucky discriminated against him because of his sex.  Plaintiff claims that the illegal garnishment resulted in his having to file bankruptcy, damage to his reputation, inability to return to federal service and loss of a job, and excess child support payments, and he seeks damages for same.

## II.    Standard of Review

"The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true."  Boyer v. Board of County Comm'rs, 922 F. Supp. 476, 482 (D. Kan. 1996), *aff'd,* 108 F.3d 1388, *citing* Mayer v. Mylod, 988 F.2d 635, 638 (6th Cir. 1993); Mitchell v. Farcass, 112 F.3d 1483, 1487 (11th Cir. 1997); Mannings v. Board of Public Instr. of Hillsborough County, Fla., 277 F.2d 370, 372 (5th Cir. 1960).  The court should not weigh the evidence, but merely "determine whether the complaint itself is legally sufficient."  In re Mosello, 190 B.R. 165, 168, *aff'd,* 193 B.R. 147, *aff'd,* 104 F.3d 352 (Bankr. S.D.N.Y. 1995), *citing* Festa v. Local 3, Int'l Brotherhood of Elec. Workers, 905 F.2d 35, 37 (2d Cir. 1990).  Dismissal of a complaint should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims

**No. 4:04cv450-spm/ak**

which would entitle him to relief.  Conley v. Gibson, 355 U.S. 41, 45-6, 78 S. Ct. 99, 2 L.
Ed. 2d 80 (1957).

All well-pleaded factual allegations and reasonable inferences from those
allegations must be accepted as true in ruling upon a motion to dismiss.  Oladeinde v.
City of Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992)(citation omitted), *cert. denied*,
113 S. Ct. 1586 (1993).  However, this does not mean "that every statement in a
complaint must be accepted as true."  In re Mosello, 190 B.R. at 168.  The "court need
not accept 'sweeping and unwarranted averments of fact.'"  *Id.*, *citing* Perniciaro v.
Natale, 136 B.R. 344, 348 (Bankr. E.D.N.Y. 1992), *quoting* Haynesworth v. Miller, 820
F.2d 1245, 1254 (D.C. Cir. 1987).  Claims which "rely upon conclusory statements of
law" need not be accepted.  Northern Trust Co. v. Peters, 69 F.3d 123, 129 (7th Cir.
1995).  Conclusory statements and their inferences "are not sufficient to defeat a motion
to dismiss for failure to state a claim."  Northern Trust Co., 69 F.3d at 129; *see also*
Quality Foods de Centro America, 711 F.2d 989, 995 (11th Cir. 1983)(finding
"[c]onclusory allegations that defendant violated the antitrust laws and plaintiff was
injured thereby will not survive a motion to dismiss if not supported by facts constituting
a legitimate claim for relief.")

*Pro se* complaints are to be held to a less stringent standard than those drafted
by an attorney.  Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986), *citing* Haines
v. Kerner, 404 U.S. 519, 520-1, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972).  However,
a plaintiff is still required to "set forth factual allegations, either direct or inferential,
respecting each material element necessary to sustain recovery under some actionable

**No. 4:04cv450-spm/ak**

legal theory."  Worst v. Hart, 1995 WL 431357, *2 (N.D. Fla. 1995).  It cannot be

assumed that a Plaintiff will prove facts which have not been alleged.  Quality Foods de

Centro America, 711 F.2d at 995, *citing* Associated General Contractors of California,

Inc. v. California State Council of Carpenters, 459 U.S. 519, 103 S. Ct. 897, 902, 74 L.

Ed. 2d 723 (1983).  Hence, even though the pleading standard for a *pro se* complaint is

quite liberal, "bald assertions and conclusions of law will not suffice."  Leeds v. Meltz, 85

F.3d 51, 53 (2d Cir. 1996).  Additionally, the court's duty to construe a plaintiff's

complaint liberally is not the equivalent of a duty to rewrite it.  Peterson v. Atlanta

Housing Auth., 998 F.2d 904, 912 (11th Cir. 1993).

        The motion to dismiss will be granted if the "complaint fails to allege the violation

of a clearly established constitutional right."   St. George v. Pinellas County, 285 F.3d

1334, 1337 (11th Cir. 2002), *citing* Chesser v. Sparks, 248 F.3d 1117, 1121 (11th Cir.

2001), (citing Williams v. Ala. State Univ., 102 F.3d 1179, 1182 (11th Cir. 1997)).

**III.    Commonwealth of Kentucky's motion to dismiss (doc. 9)**

        The Commonwealth explains that Plaintiff received two judgments in the Meade

Circuit Court in Kentucky for payment of child support *which are still on appeal*.  Plaintiff

is apparently a participant in an organization calling itself "Indiana Civil Rights Council,"

which has provided form complaints/petitions for filing civil rights suits against various

states alleging that the states have violated the civil rights of non-custodial parents by

ordering child support payments, but not joint custody awards.  Numerous federal courts

that have addressed such complaints/petitions have dismissed them on grounds of

**No. 4:04cv450-spm/ak**

Eleventh Amendment Immunity and the *Rooker-Feldman* doctrine.  (See Motion, at p.5

n.6).  The Commonwealth also moves to dismiss on the ground that it was not properly

served.

> "The Judicial power of the United States shall not be construed to extend
> to any suit in law or equity, commenced or prosecuted against one of the
> United States by Citizens of another State, or by Citizens or Subjects of
> any Foreign State." Amendment XI, Constitution of the United States.

    The principal significance of the Eleventh Amendment is its limitation of the grant

of power conferred upon the federal judiciary by Article III of the Constitution.  Penhurst

State School & Hospital v. Halderman, 465 U.S. 89, 98 (l984).  Despite the limited

language of the Eleventh Amendment, it prohibits suit by a citizen against his own state

or by citizens of another state.  Id; see also Hans v. Louisiana, 134 U.S. 1, 15 (1890).

Eleventh Amendment immunity may be waived, id., at 99, but Kentucky has never

waived its immunity from suit.  See Rose v. Stephens, 291 F.3d 917, 925 (6th Cir. 2002).

Further, a suit against a state official in his official capacity is a suit against the state

itself to which the state's Eleventh Amendment immunity applies.  Kentucky v. Graham,

473 U.S. l59, l67 (l985).  See also, Brandon v. Holt, 469 U.S. 464, 47l-473 (l985).  Thus,

Plaintiff's lawsuit against the Commonwealth of Kentucky (as well as the state officials

he names, if sued in their official capacity) is barred by the Eleventh Amendment.

    Further, according to the *Rooker-Feldman* doctrine, "a United States District

Court has no authority to review final judgements of a state court in judicial proceedings.

Powell v. Powell, 80 F.3d 464 (11th Cir. 1996).  The doctrine has two statutory bases: (1)

28 U.S.C. §1257, which limits federal review of state court proceedings to the United

**No. 4:04cv450-spm/ak**

States Supreme Court; and (2) 28 U.S.C. §1331, which limits original jurisdiction in federal court to "civil actions arising under the Constitution, laws or treaties of the United States." *Id.*, at 466.  The doctrine applies not only to claims actually raised in the state court proceedings, but claims that are "inexplicably intertwined" with the state court judgment.  *Id.*, *citing* District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 n.16 (1983).

The sole basis of Plaintiff's complaint is his dissatisfaction with the state court judgments against him, which, according to Defendant, are *still* on appeal.  This fact brings up another legal doctrine, the *Younger* Abstention doctrine, which prohibits federal courts from interfering in pending state court actions.  Younger v. Harris, 401 U.S. 37 (1971); Doby v. Strength, 758 F.2d 1405 (11th Cir. 1985).

Plaintiff's response to the motion is not well taken.  (Doc. 14).  Plaintiff claims that he did not sue the Commonwealth, he sued four employees of the Commonwealth, and that these individuals were properly served by the Meade County Sheriff's Office.  A review of the complaint shows that the Commonwealth and Sharon Wilson were the *only* defendants named in the style of the complaint.  However, Plaintiff has filed summonses that show personal service upon Defendants Sharon Wilson, Sam Monarch, Darren Sipes, and Robert Meredith, by a Meade County deputy sheriff. (Docs.  8, 10, 15, and 16).  There is no return for the Commonwealth.  Indeed, the docket does not indicate that summons was issued for the state.  Unraveling these confusing service issues is, in the opinion of the undersigned, unnecessary in light of

**No. 4:04cv450-spm/ak**

the clearer jurisdictional issues and the well established body of law that clearly precludes suit against the Commonwealth on a number of grounds.  Consequently, it is recommended that the Commonwealth's motion to dismiss should be granted.

**IV.     Defendants Robert Meredith, Darren Sipes, and Sam Monarch (doc. 17)**

The remaining Defendants take the position that they were not named as defendants in the complaint, but that Plaintiff may be seeking to add them as defendants since he alleges he sued only them in his response to the Commonwealth's motion to dismiss.[1]  (See doc. 14).  In the alternative, they move to dismiss for lack of jurisdiction, improper venue, or absolute immunity.  As the undersigned noted above, the docket shows that summonses were returned on these persons indicating that they were served personally by a deputy sheriff in Meade County, Kentucky.  Based on this, the Court will address their motion to dismiss and herein recommends that it be granted.

Plaintiff does not mention Defendant Robert Meredith in the complaint and asserts no identifiable claims against him.  Meredith is identified by the Commonwealth as Meade County Domestic Relations Commissioner.  Assuming that any claims against Meade arise out of the same facts involving the state court judgments against Plaintiff, any claims against Meredith would be precluded by Eleventh Amendment immunity (insofar as Plaintiff may assert claims against him in his official capacity), the *Rooker-Feldman* doctrine, and the *Younger* Abstention doctrine.

---

[1]  Plaintiff's response to the Commonwealth's motion to dismiss (doc. 14) was not construed as a motion to amend.

**No. 4:04cv450-spm/ak**

Further, Plaintiff's claims against Judge Sam Monarch and state attorney Darren A. Sipes are based on actions taken in their judicial and prosecutorial capacity and are precluded by absolute immunity.  See Stump v. Sparkman, 435 U.S. 349, 355-357, 98 S.Ct. 1099, 1104-05, 55 L. Ed.2d 331 (1978) (if a judge is acting in his judicial capacity, he is entitled to absolute immunity from liability for damages under Section 1983 unless he acts in the "clear absence of all jurisdiction."); Buckley v. Fitzsimmons, 509 U.S. 259, 273, 113 S. Ct. 2606, 125 L.Ed.2d 209 (1993) (absolute immunity protects prosecutor's "acts undertaken...in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State.").

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendant Sharon Wilson's Motion for Joinder (doc. 13) be **GRANTED**, and that she be allowed to join in the motion to dismiss filed by the Commonwealth of Kentucky.  It is further **RECOMMENDED** that the Defendants' motions to dismiss (docs. 9 and 17) be **GRANTED**, and this cause **DISMISSED WITH PREJUDICE**.

**IN CHAMBERS** at Gainesville, Florida, this __**6**<sup>th</sup>___ day of June, 2005.

s/ A. KORNBLUM_____
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and**

**No. 4:04cv450-spm/ak**

**recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

**No. 4:04cv450-spm/ak**