IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

KELLY W. WILSON,

    Plaintiff,

vs.                             CASE NO.: 4:04cv450-SPM/AK

SHARON L. WILSON
COMMONWEALTH OF KENTUCKY, EX. REL.,

    Defendants.

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

This cause comes before the Court for consideration of the magistrate judge's report and recommendation dated June 6, 2005 (doc. 21). Plaintiff has been furnished a copy of the report and recommendation and has filed objections (doc. 22). Pursuant to Title 28, United States Code, Section 636(b)(1), I have made a de novo determination of those portions to which an objection has been made. I find that the report and recommendation is correct and should be adopted by the Court.

Plaintiff alleges that the Rooker-Feldman doctrine should not apply to this case, based on the recently decided case Exxon Mobil Corp v. Saudi Basic Industries Corp., 125 S.Ct. 1517 (2005). Exxon does not support plaintiff's argument because it clearly states the Rooker-Feldman doctrine applies "to

cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the federal district court proceedings commenced and inviting district court review and rejection of those judgments."

Although Plaintiff now states that he is not looking for review and rejection, he entitled his initial complaint "Petition for Removal from the Meade Circuit Court Division I of Meade County, Kentucky", and prayed for "removal of the above-captioned state court proceedings into, and under, the jurisdiction of this United States District Court."

Even looking beyond the plaintiff's title and prayer, the Rooker-Feldman doctrine also applies in cases such as this where the claims are "inextricably intertwined" with the state court judgment. Powell v. Powell, 80 F.3d 464, 466 (11th Cir 1996) (citing District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 n.16) (1983). Thus the fact that Plaintiff now states he was "seeking a cash award to offset the actual damages inflicted suffered as a result of . . . the adverse judgments" is of no consequence. The doctrine still applies in this instance, and this court has no authority to review the judgment issued by the state court proceedings.

In addition, the Younger abstention doctrine provides an independent ground for dismissal. Plaintiff admits that he has three actions pending in the Kentucky state court system relating to his current complaints. The Younger abstention doctrine prohibits federal courts from interfering with pending state

court actions. Younger v. Harris, 401 U.S. 37 (1971).  Again, this court has no authority to intervene in this matter.

Even if the Rooker-Feldman and Younger doctrines did not apply, the Plaintiff states no other claims that are cognizable in federal court.  The Plaintiff alleges that his rights to equal protection have been violated under 42 U.S.C. §§ 666 and 667.  Section 666 requires each state to have in place statutorily prescribed procedures to improve the effectiveness of child support enforcement, while § 667 articulates that each state must have guidelines for child support awards.  Plaintiff makes no allegation that Kentucky does not have these procedures or guidelines in place and no attempt to clarify what cause of action, if any, he would have for a violation.

The Plaintiff then alleges that the Commissioner's Report ordering child support is a violation of both 10 U.S.C. § 1408 and 38 U.S.C. § 5301, which, respectively, set forth the procedures for payment of Armed Forces retirement in compliance with court orders and establish the nonassignability and exempt status of benefits.  The Plaintiff does not provide enough information to make an assessment of any violation of these statutes because he does not state his other sources of income, and/or assets from which child support can be deducted.

Furthermore, any claim against the Commonwealth of Kentucky would be precluded by Eleventh Amendment immunity.  Will v. Michigan Dept. Of State

Police, 491 U.S. 58, 66 (1989).  The individual defendants also enjoy immunity from liability for their acts as alleged in this case.

Judge Sam Monarch is immune from this suit because he was acting in his judicial capacity.  Judicial immunity protects judges from lawsuits concerning the performance of their judicial functions when the judge is acting in his official capacity and with jurisdiction.  Mireles v. Waco, 502 U.S. 9, 9-10 (1991).  Meade County Attorney Darren A. Snipes is immune from this suit as well because he was acting in his prosecutorial capacity.  A prosecutor's actions are protected under absolute immunity if they are "acts undertaken . . . in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State".  Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993).  Sharon Wilson and Robert Meredith are protected from this suit by the earlier stated doctrines of Rooker-Feldman and Younger abstention.

As a final argument, Plaintiff asserts that he is not a member of the "Indiana Civil Rights Council".  The decision of the report and recommendation was not based on this membership; therefore, this fact is irrelevant.

Accordingly, it is hereby ORDERED as follows:

1.     The magistrate judge's report and recommendation (doc. 21) is ADOPTED and incorporated by reference in this order.

2.     Defendant Sharon Wilson's Motion for Joinder of Motion to Dismiss (doc. 13) is GRANTED, and Defendant's motions to dismiss (doc. 9 and 17) are

GRANTED and this cause is DISMISSED WITH PREJUDICE.

DONE AND ORDERED this 12th day of July, 2005.

*s/ Stephan P. Mickle*
Stephan P. Mickle
United States District Judge

CASE NO.: 4:04cv450-SPM/AK